IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| BOBBIE FOSBURGH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FRANK BISIGNANO, )<br>Commissioner of the Social Security )<br>)<br>Defendant. ) | Case No. 6:24-cv-03313-MDH |

## ORDER

Before the Court is Defendant's Motion to Reverse and Remand with Suggestions in Support (Doc. 11). Defendant moves the Court to reverse the decision of the ALJ and remand this action pursuant to sentence four of section 205(g), 42 U.S.C. § 405(g).

Sentence four of 42 U.S.C. § 405(g) states: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." The Eighth Circuit has suggested remand orders "that do not expressly affirm, modify, or reverse a decision of the Commissioner but rather direct him to cure some specific defect in the administrative proceeding, such as the ALJ's failure to develop the record or to properly evaluate the evidence" are remands pursuant to sentence four of 42 U.S.C. § 405(g). *Buckner v. Apfel,* 213 F.3d 1006, 1011 (8th Cir. 2000).

Defendant moves the Court to enter a final judgment reversing the decision of the ALJ and remanding the case to the Commissioner under sentence four of 42 U.S.C. § 405(g). Plaintiff did not file a response to reversal and remand pursuant to sentence four.

After reviewing the records in this case, and finding no objection to Defendant's request, the Court hereby **GRANTS** Defendant's Motion to Reverse and Remand (Doc. 11). The decision of the ALJ is hereby **REVERSED** and that the case is **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. §405(g).

**IT IS SO ORDERED.**

Dated: June 2, 2025

 */s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**